UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CARMEN KELLY, | Case No. 1:07-cv-624 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Respondent. | |

**Order Adopting the R&R Without Objection;
Affirming the Commissioner's Denial of Disability Insurance Benefits;
Terminating the Case**

Pursuant to 28 U.S.C. § 636 and this court's Local Civil Rules, this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten

days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

Clerk's Office docket records indicate that the R&R was issued on Tuesday, July 29, 2008.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Wednesday, July 30, 2008.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus, days two and three of the ten-day objection period were Thursday July 31 and Friday August 1. The court excludes Saturday August 2 and Sunday August 3.

Days four through eight ran from Monday, August 4 through Friday, August 8. The court excludes Saturday, August 9 and Sunday, August 10. Days nine and ten were Monday, August 11 and Tuesday, August 12.

Thus, the ten-day period for filing objections expired at midnight on Tuesday, August 12, 2008. Kelly neither filed an objection nor sought an extension of time in which to do so.

As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

---

[1] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the R&R's outcome and rationale to be sound.[2] For the reasons

---

Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

[2] Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140,

explained by the R&R, Kelly's severe impairments, caused by affective disorders and anxiety-related disorders, either singly or in combination, failed to satisfy the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 or their equivalent.

Substantial evidence supported the ALJ's determination that Kelly's diagnosed conditions – a history of recurrent major depression, history of alcohol and cocaine abuse, an impulse control disorder known as trichotillomania, depressive disorder, and kleptomania – and her GAF scores of 50 (January 2001), 58 (October 2001), and 53 (January 2005), did not render her disabled between her alleged disability onset date (February 15, 2002) and her date last insured (September 30, 2005). Specifically, although Kelly is limited to simple tasks with one-step to three-step instructions, can only occasionally interact with co-workers, and can only briefly and superficially interact with the public, her residual functional capacity permits her to do light work – even, according to the vocational expert, her past relevant work as an assembler.

## ORDER

Accordingly, having reviewed the parties' briefs and the R&R, the court **ADOPTS** the R&R

---

150 (1985))). *See also Veltkamp v. Comm'r of Soc. Sec.*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report.");

*Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002)); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

without objection and **AFFIRMS** the Commissioner's denial of disability insurance benefits.

The complaint is **DISMISSED.**

This case is **TERMINATED.**

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[3]

**IT IS SO ORDERED this 15th day of August 2008.**

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

---

[3]

*See, e.g., Schrader v. Comm'r of Soc. Sec.*, 2008 WL 360649, *3 with n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155)).

*See also US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.").